```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
INDUSTRIA DE DISEÑO TEXTIL, S.A. et al.,                               :
                                                                       :
                                Plaintiffs,                            :
                                                                       :   23 Civ. 47 (JPC)
        -v-                                                            :
                                                                       :   PERMANENT
THILIKÓ, LLC et al.,                                                   :   INJUNCTION
                                                                       :
                                Defendants.                            :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Upon consideration of Plaintiffs' Motion for Default Judgment ("Motion"), the accompanying Memorandum of Law in Support thereof and evidence, the pleadings on file, and the relevant authorities, and for the reasons stated on the record at the default judgment hearing on April 19, 2023, the Court concludes that Plaintiffs Industria de Diseño Textil, S.A. aka Inditex, S.A. ("Inditex"), Zara USA, Inc. ("Zara USA"), and ITX Merken BV ("ITX"), have established their claims against Defendants Thilikó, LLC ("Thilikó") and its sole principal Queenie Williams (also known as Qianru Pu and Qianru Williams) (collectively, "Defendants") for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*; false advertising, unfair competition, false description, and false designation of origin under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); unfair and deceptive trade practices under New York General Business Law sections 349-350; and offenses against trademarks under New York Arts & Cultural Affairs Law section 33.09.  Therefore, it is

**HEREBY ORDERED** that:

1.      Commencing on the "So Ordered" date of this Permanent Injunction, Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all

other persons acting for, with, by, through or under authority from Defendants or in active concert or participation with Defendants, and each of them, are immediately and permanently restrained, enjoined, and prohibited from:

    a.    infringing the copyrighted photographs depicted in Exhibit 6 of the Complaint and any other original works of authorship created by or on behalf of ITX, Inditex, and/or Zara USA or in which they own exclusive rights under copyright (collectively, "Plaintiffs' Works"), including but not limited to content appearing on their websites, social media and e-commerce sites, and other advertising and promotional materials;

    b.    manufacturing, distributing, disseminating, publishing, or republishing any advertising or promotional materials (including but not limited to those annexed to the Complaint as Exhibits 1, 6, 9, 10, 11, and 12) containing false or misleading advertising claims with respect to Plaintiffs' products (collectively, "Plaintiffs' Products"), including but not limited to such false and misleading claims as those identified in paragraphs 36 through 40 of the Complaint;

    c.    offering, advertising, or promoting any product or service making false or misleading representations or descriptions of fact, in any medium, regarding Plaintiffs' Products or Thilikó products, including but not limited claiming or implying that any of Plaintiffs' Products are designed, created, and/or manufactured by Thilikó and that Thilikó owns any proprietary rights in any of Plaintiffs' Works or Plaintiffs' Products;

    d.    engaging in any other activity constituting false or misleading advertising or unfair competition with Plaintiffs, including mislabeling Plaintiffs' Products as Thilikó products or using images of Plaintiff's Products to market Thilikó products;

    e.    using any false designation of origin or false description, or performing any

act which is likely to deceive members of the trade or public as to the source or origin or characteristics of Defendants' products, including but not limited to passing off Plaintiffs' Products or Plaintiffs' Works as Defendants' products or Defendants' works;

  f. disposing of, destroying, altering, moving, removing, concealing, tampering with, or in any manner secreting any business records (including electronic records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to Plaintiffs' Works (including but not limited to the Copyrighted Photographs) and/or Plaintiffs' Products (including but not limited to the Misbranded Products); or

  g. instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

  2. Defendants shall, within ten days of the "So Ordered" date below, make available to Plaintiffs for review, inspection, and copying all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents and things described in Paragraph 1(f) above and provide Plaintiffs the names, addresses, and all other contact information in their possession (*e.g.*, telephone numbers, fax numbers) for their source(s) of such products;

  3. Defendants shall, within ten days of the "So Ordered" date below, remove all references to Plaintiffs' Works and to any of Plaintiffs' Products that are falsely represented as not being produced by Plaintiffs or as being produced by Defendants from any e-commerce retail outlets, websites, social media sites or other virtual locations over which they have any control, including but not limited to their own website (https://thiliko-studio.com/) and their shops and pages on Shopify, Facebook, and Instagram, with the caveat that this provision does not prohibit

Defendants from accurately describing goods produced by Plaintiffs and offered for sale by Defendants;

4. If Defendants have supplied distributors, retailers, warehouses, or other intermediaries with Plaintiffs' Works or with Plaintiffs' Products that have been falsely labelled as not having been produced by Plaintiffs and/or having been produced by Defendants, Defendants shall, within ten days of the "So Ordered" date below, recall any and all such goods from those distributors, retailers, warehouses, or other intermediaries and, upon recall, deliver such goods up to Plaintiffs' counsel for destruction or donation at Defendants' cost;

5. If Defendants continue to possess any of Plaintiffs' Products that are accurately labelled as having been produced by Plaintiffs, Defendants shall not misrepresent either the origin of those products or the nature of Defendants' relationship with Plaintiffs in the course of marketing or selling those products;

6. Defendants shall, within fourteen (14) days of the "So Ordered" date below, report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the above;

7. In the event Defendants fail to comply with the foregoing paragraph, the third parties operating or hosting the domain names, e-commerce stores, and social media sites that have been used by Defendants to market or sell Plaintiffs' Products or to display Plaintiffs' Works (including but not limited to https://thiliko-studio.com/; https://www.facebook.com/thilikostudio/; and https://www.instagram.com/thilikostudio/) are hereby ordered to disable Defendants' domain names, social media pages, and e-commerce stores permanently and the registrars of Defendants' domain names, are hereby ordered to disable Defendants' domain names and transfer them to Plaintiffs' designee; and

8. If any provision of this Permanent Injunction is held invalid, or if the application

of any provision or circumstance of this Permanent Injunction is held invalid, then the remainder of this Permanent Injunction and the application of the provision to any other person or circumstance shall not be affected by the holding.

9. This Court shall retain jurisdiction of this action to ensure compliance with this Permanent Injunction, and for all other purposes related to this action, including any motion by either Defendant to modify, or for relief from the terms of, this Permanent Injunction.

10. The provisions of this Permanent Injunction shall be binding upon Defendants, upon any person under the authority or control of Defendants, and upon any person who receives actual notice of this Permanent Injunction, by personal service, e-mail, facsimile, or otherwise insofar as he or she is acting in active concert or participation with Defendants.

SO ORDERED.

Dated: April 20, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge