```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                       :
INDUSTRIA DE DISEÑO TEXTIL, S.A. et al.,               :
                                                       :
                               Plaintiffs,             :
                                                       :           23 Civ. 47 (JPC)
         -v-                                           :
                                                       :               ORDER
THILIKÓ, LLC et al.,                                   :
                                                       :
                               Defendants.             :
                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

      In this action, Plaintiffs Industria de Diseño Textil, S.A., Zara USA, Inc., and ITX Merken BV ("ITX"), who together are involved in operating the Zara clothing brand, Dkt. 1 ("Compl.") ¶¶ 16-18, seek relief against Defendants Thilikó, LLC and Queenie Williams for false advertising in violation of federal law, *id.* ¶¶ 61-70, unfair competition, false description, and false designation of origin in violation of federal law, *id.* ¶¶ 71-75, unfair and deceptive trade practices in violation of New York law, *id.* ¶¶ 76-85, false advertising in violation of New York law, *id.* ¶¶ 86-93, and offenses against trademarks in violation of New York law, *id.* ¶¶ 94-101.  ITX additionally brings a cause of action against Defendants for copyright infringement in violation of federal law.  *Id.* ¶¶ 49-60.  Neither Defendant answered the Complaint or otherwise appeared in this action.  On February 24, 2023, the Clerk of Court entered a certificate of default as to each Defendant, Dkt. 18, and on March 16, 2023, Plaintiffs moved for a default judgment as to each Defendant, Dkts. 21-25.  At a hearing on April 19, 2023, at which neither Defendant appeared, the Court found Defendants liable on all causes of action.  *See* Minute Entry dated Apr. 19, 2023.

      Plaintiffs alleged that although Defendants purported to sell clothing that they had designed and produced themselves, Defendants instead purchased Zara clothing, replaced the original labels

bearing the Zara brand with new labels bearing the Thilikó brand, and resold the clothing at a substantial markup.  Compl. ¶¶ 8, 36-42, 44.  Plaintiffs further alleged that Defendants marketed the clothing using ITX's copyrighted photographs of Zara products.  *Id.* ¶¶ 8, 43-45.  At the default judgment hearing, the Court accepted as true these well-pleaded allegations and, as noted, found Defendants liable on all causes of action pleaded in the Complaint.

Plaintiffs sought both injunctive relief and damages.  Compl. at 28-31.  At the default judgment hearing, the Court granted injunctive relief, *see* Minute Entry dated Apr. 19, 2023, and on April 20, 2023, the Court entered a permanent injunction under which Defendants were required, in essence, to cease the unlawful activity described in the Complaint, *see* Dkt. 27.  As for monetary damages, because it would be time-consuming and difficult to compute the actual damages caused by Defendants' unlawful conduct given their failure to appear, Plaintiffs instead proposed that the Court award them the maximum statutory damages permitted under law for Defendants' infringement of fifteen copyrights owned by ITX in photographs of Zara products, in which case Plaintiffs would forego any other monetary relief to which they would be entitled. Dkt. 22 ("Br.") at 21-25.  This copyright infringement entailed, as discussed, Defendants' use of copyrighted photographs of Zara products on their website in an effort to market and sell Zara products, yet not disclosed as being Zara products, at substantial markups.  At the default judgment hearing, the Court ordered Plaintiffs to submit supplemental briefing concerning the appropriateness of an award of maximum statutory damages.  *See* Minute Entry dated Apr. 19, 2023; Dkt. 28.  For reasons that follow, the Court awards ITX damages of $30,000 for each of its fifteen copyrighted works infringed upon by Defendants, for a total award of $450,000.

Under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, an owner generally "may elect . . . to recover . . . statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers

2

just." *Id.* § 504(c)(1). Where the infringement is willful, however, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000" per work. *Id.* § 504(c)(2). "Statutory damages for copyright infringement are available without proof of plaintiff's actual damages or proof of any damages." *Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12 Civ. 5456 (KMW) (AJP), 2013 WL 174226, at *2 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013). Six factors guide a district court's discretion in setting the amount of statutory damages: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010). District courts "enjoy wide discretion," however, when balancing these factors in an individual case. *Id.* at 143.

In general, an award of statutory damages is intended to achieve two purposes: it "compels restitution of profit and reparation for injury [and] also is designed to discourage wrongful conduct." *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). The factors that guide courts in this Circuit in setting the amount of statutory damages, furthermore, may broadly be categorized by which of these two purposes they serve. On the one hand, the "expenses saved, and profits earned, by the infringer" and the "revenue lost by the copyright holder," *Bryant*, 603 F.3d at 144, mirror the traditional equitable and legal remedies, such as disgorgement or compensatory damages, that achieve "restitution of profit and reparation for injury," *F.W. Woolworth Co.*, 344 U.S. at 233. By contrast, the remaining factors—namely, the "infringer's state of mind," the "deterrent effect on the infringer and third parties," the "infringer's cooperation in providing evidence concerning the value of the infringing material," and the "conduct and

3

attitude of the parties," *Bryant*, 603 F.3d at 144—all concern the degree to which an infringer's conduct was wrongful, thereby indicating the appropriate sanction required to deter such conduct, *see F.W. Woolworth Co.*, 344 U.S. at 233.  In this case, each type of factor points in a different direction in determining the appropriate degree of damages.

Starting with latter purpose, Defendants engaged in wrongful conduct that demands deterrence through the imposition of statutory damages.  The first factor asks whether the infringer's state of mind was "wil[l]ful, knowing, or merely innocent."  *N.A.S. Import, Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (internal quotation marks omitted).  And "a defendant's knowledge that its actions constitute an infringement establishes that the defendant acted willfully."  *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986).  That knowledge, furthermore, "may be constructive rather than actual; that is, it need not be proven directly but may be inferred from the defendant's conduct."  *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1010 (2d Cir. 1995) (internal quotation marks omitted).  Allegations in the Complaint, which the Court treats as true by virtue of Defendants' failure to appear, establish that Defendants copied Plaintiffs' copyrighted photographs from the zara.com website, posted those photographs on their own website for marketing purposes, and then relabeled and sold Zara clothing at substantial markups without revealing that the items were indeed Zara clothing.  Compl. ¶¶ 8, 36-45, 51.  The most compelling inference from these facts is that Defendants knew their actions constituted copyright infringement.  Thus, Plaintiffs have shown that Defendants engaged in willful infringement, causing the first factor to favor a substantial statutory damages award.[1]  And because when "a defendant is shown to have acted willfully, a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the

---

[1] This finding of willfulness also triggers the higher maximum statutory damages of up to $150,000 per work under 17 U.S.C. § 504(c)(2).

defendant and others," *Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) (summarizing caselaw under the Copyright Act), *report and recommendation adopted*, *id.* at 502, the fourth factor, which concerns the "deterrent effect on the infringer and third parties," *Bryant*, 603 F.3d at 144, likewise favors a substantial statutory damages award. The fifth factor—the "infringer's cooperation in providing evidence concerning the value of the infringing material," *id.*—similarly favors a substantial award, since Defendants have not even appeared in this action, much less cooperated in providing evidence. Lastly, because Defendants' copyright infringement occurred as part of a broader fraudulent scheme that involved misrepresenting Plaintiffs' clothing as having been produced by Defendants, *see* Compl. ¶¶ 42-48, the "conduct and attitude of the parties," *Bryant*, 603 F.3d at 144, also favors a substantial award of statutory damages.

On the other hand, the two factors relating to restitution and reparation favor a less substantial award. Defendants' specific acts of copyright infringement—namely, copying ITX's photos—likely produced neither substantial harm to Plaintiffs nor substantial benefit to Defendants. By copying ITX's photos of Zara clothing, Plaintiffs deprived Defendants of licensing fees that might be owed for the use of those photos, and they saved themselves the costs of paying such fees. But the combined licensing fees for fifteen fashion photos are unlikely to have amounted to a large sum.[2] Thus, as applied to Defendants' copyright infringement alone, the second and third factors, which consider the "expenses saved, and profits earned, by the infringer" and the "revenue lost by the copyright holder," *Bryant*, 603 F.3d at 144, favor a low award of statutory damages.[3] And while it would be inappropriate for the Court to insist that an award of

---

[2] Because evidence as to the size of such fees has not been introduced, the Court is unable to estimate it more precisely.

[3] While Plaintiffs encourage the Court to award higher statutory damages for Defendants' copyright infringement in lieu of damages on the remainder of their claims, Br. at 23-24, considering all Defendants' allegedly unlawful conduct would not lead to a dramatically different

statutory damages be too closely tied to a measure of the actual injury Plaintiffs suffered, given that the law offers statutory damages as an *alternative* to actual damages, statutory damages nonetheless "should bear some relation to actual damages suffered." *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395, 410 (S.D.N.Y. 2016) (internal quotation marks omitted). In cases of willful infringement, "courts will generally look to a plaintiff's actual damages and award 2x – 3x to properly account for statutory damages." *Prepared Food Photos, Inc. v. Trip Rest. LLC*, No. 22 Civ. 7953 (ER), 2023 WL 2955298, at *6 (S.D.N.Y. Apr. 14, 2023); *see also Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("Second Circuit case law . . . reflects that courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."). Using a multiplier in that range, the apparently low level of actual damages in this case would correspondingly limit any award of statutory damages.

After considering the two categories of relevant factors, which to some degree point in different directions, the Court determines that an appropriate award of statutory damages in this case is $30,000 for each work, for a total award of $450,000. Because the statutory damages awarded must "bear some relation to actual damages suffered," *BWP Media USA*, 196 F. Supp. 3d at 410, the Court declines to award the maximum amount sought by Plaintiffs, but because

---

analysis of the amount of damages necessary to achieve the purposes of reparation and restitution. Because Defendants purchased Plaintiffs' clothing, then resold it, Compl. ¶ 42, Defendants' scheme did not involve the diversion of any sales from Plaintiffs: for each falsely labeled item that Defendants sold, Plaintiffs also profited by virtue of their prior sale of that item to Defendants. Furthermore, because Defendants sold Plaintiffs' goods at a higher rather than a lower price, *id.* ("Defendants then passed off their misbranded and mislabeled products to the unsuspecting public as original [Zara] products at exorbitant prices far beyond [what] those consumers would pay for them at Zara's retail locations . . . ."), their scheme was unlikely to substantially damage Plaintiffs' brand, as the scheme would not have had the consequence of suggesting that Zara's products are of lower quality or should be sold at lower prices than those charged by Plaintiffs. Furthermore, the relatively small scope of Defendants' scheme and the short time during which it operated, *see generally id.* ¶¶ 36-41, make it unlikely that Defendants earned substantial profits, in the vicinity of the millions of dollars Plaintiffs that seek in damages, that they should be required to disgorge.

wrongful conduct similar to Defendants' fraudulent scheme must be deterred, the Court awards an amount substantially higher than the restitution or reparation that would likely be due for Defendants' copyright infringement.  *See, e.g.*, *Kennedy Stock, LLC v. NLS N.Y. Inc.*, No. 18 Civ. 4991 (PGG) (BCM), 2019 WL 13096650, at *6-7 (S.D.N.Y. Nov. 18, 2019) (awarding $10,000 per work for willful infringement), *report and recommendation adopted*, 2021 WL 5013737 (S.D.N.Y. Oct. 27, 2021); *Arista Records LLC v. Usenet.com, Inc.*, No. 07 Civ. 8822 (HB) (THK), 2010 WL 3629688, at *3-9 (S.D.N.Y. Feb. 2, 2010) (awarding $7,500 per work for willful infringement), *report and recommendation adopted*, 2010 WL 3629587 (S.D.N.Y. Sept. 16, 2010).

If Plaintiffs consent to a total damages award of $450,000, they shall submit a proposed judgment by August 16, 2023 consistent with this Order.  Otherwise, by that date they shall submit a status letter identifying the other forms of relief they seek and proposing appropriate steps to determine their entitlement to such relief.

SO ORDERED.

Dated: August 2, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge